IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAWAD JABBER SADKHAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-1487 (RMC) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, | ) |
| *et al.*, | ) |
| | ) |
| Respondents. | ) |

## RESPONDENTS' FACTUAL RETURN TO PETITION FOR WRIT OF HABEAS CORPUS BY PETITIONER JAWAD JABBER SADKHAN

Respondents hereby submit, as explained herein, the final record of proceedings before the Combatant Status Review Tribunal pertaining to petitioner Jowad Jabar (listed in the petition as Jawad Jabber Sadkhan) as a factual return to petitioner's petition for writ of habeas corpus.[1] For the reasons explained in the record, petitioner Jowad Jabar has been determined to be an enemy combatant. Accordingly, petitioner Jowad Jabar is lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise, and is being detained.

---

[1] On December 30, 2005, the President signed into law § 1005 of the Department of Defense Appropriations Act, 2006, Pub. L. No. ___, § 1005 (2005), also known as the Detainee Treatment Act of 2005, which, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Respondents anticipate filing in the Guantanamo detainee cases, including the instant case, a motion to dismiss or for other appropriate relief based on the new law. The effect of the Detainee Treatment Act of 2005 will also be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit. Notwithstanding respondents' impending motion regarding the new, statutory withdrawal of the Court's jurisdiction, however, pursuant to the Court's November 4, 2005 Order, respondents hereby submit a factual return pertaining to petitioner Jowad Jabar.

The portion of the record suitable for public release is attached hereto.  See Exhibit A. The remaining portions of the record, including information that is classified or not suitable for public release, will be submitted under seal through the Court Security Officers on January 13, 2006.  See Respondents' Unopposed Motion for Extension of Time to Submit Classified Versions of the Factual Return Pertaining to Petitioner Jawad Jabber Sadkhan (dkt. no. 16).  On January 13, 2006, one copy of the classified factual return will be submitted to the Court for *in camera* review.  Another copy of the classified factual return, containing classified information suitable for disclosure to counsel under seal, will be made available to petitioner's counsel who have been issued security clearances, consistent with the Protective Order.  See Order dated November 4, 2005 (applying Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299 (D.D.C. Nov. 8, 2004), and related orders, to this case).  Any redactions made in the classified factual return will be explained in the declaration(s)/certification(s) submitted therewith.  Both copies of the classified factual return will contain highlighting, explained therein, consistent with the Court's Order for Specific Disclosures Relating to Respondents' Motion to Designate as "Protected Information" Unclassified Information and Petitioners' Motion for Access to Unredacted Factual Returns, entered on December 8, 2004 by Judge Green in the coordinated cases.  Respondents will designate certain highlighted, unclassified information in the classified factual return as "protected information" under the Protective Order.  Pursuant to the Protective Order, once counsel for petitioner has reviewed the factual return and counsel for the parties have conferred,

respondents will file a motion requesting that the Court designate the information in the factual

return as "protected" pursuant to the Protective Order.[2]

For the reasons explained in the factual return, petitioner Jowad Jabar has been

determined to be an enemy combatant and is, therefore, lawfully subject to detention pursuant to

the President's power as Commander in Chief or otherwise.  Accordingly, the petition for writ of

habeas corpus should be dismissed and the relief sought therein denied.

Dated:  January 3, 2006                    Respectfully submitted,

                                           PETER D. KEISLER
                                           Assistant Attorney General

                                           KENNETH L. WAINSTEIN
                                           United States Attorney

                                           DOUGLAS N. LETTER
                                           Terrorism Litigation Counsel

                                             /s/ Preeya M. Noronha
                                           _____
                                           JOSEPH H. HUNT (D.C. Bar No. 431134)
                                           VINCENT M. GARVEY (D.C. Bar No. 127191)
                                           TERRY M. HENRY
                                           JAMES J. SCHWARTZ
                                           PREEYA M. NORONHA
                                           ROBERT J. KATERBERG
                                           NICHOLAS J. PATTERSON
                                           ANDREW I. WARDEN
                                           EDWARD H. WHITE
                                           MARC A. PEREZ
                                           Attorneys
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           20 Massachusetts Ave., N.W.  Room 7144
                                           Washington, DC  20530

---

[2]  Pursuant to the Protective Order, respondents will disclose this information to
petitioner's counsel, who shall treat such information as "protected" unless and until the Court
rules that the information should not be designated as "protected."

Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents