IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JAWAD JABBAR SADKHAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-1487 (RMC) (AK) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

**PETITIONER'S MOTION TO COMPEL PRIVILEGE TEAM
COMPLIANCE WITH THE AMENDED PROTECTIVE ORDER**

Petitioner asks this Court to compel the Privilege Team to comply with the Protective Order entered in this case at Docket Number 13 as set forth at *In re Guantanamo Bay Detainee Cases*, 344 F.Supp.2d 174 (D.D.C. 2004). The Privilege Team has improperly refused to perform classification review of a statement petitioner seeks to provide his counsel from another detainee confessing to lying about petitioner.

**FACTS**

As to the background facts related to the Protective Order generally, petitioner relies on the facts set forth by petitioners in *Abdulla Thani Faris Al-Anazi, et al. v. Bush, et al.*, No. 1:05-CV-00345 in their 8 March 2006 Motion to Compel Privilege Team Compliance with the Amended Protective Order (Docket number 40-1) at pages 5 through 10.

The undersigned represents petitioner Jawad Jabbar Sadkhan in this matter and has since his

visit with his client at Guantanamo in January of this year been attempting to put together a factual case on his behalf. On 18 May 2006 the Court Security Officer advised the undersigned that it had received an envelope of detainee mail addressed to him from Guantanamo and would place it in the undersigned's drawer at the secure facility. The same day the undersigned requested that it be submitted to the Privilege Team for review and declassification.

On 1 June 2006 the undersigned received a three page letter from his client which the Privilege Team had declassified and a memo from the Privilege Team to the Court Security Officer regarding "3rd Party Communications (Wertheimer)" which reads verbatim:

> We have reviewed Counsel's submission of five pages, submitted on 18 May 2006. The material is composed of three pages from the client to the counsel and two pages allegedly from another detainee confessing to lying about Counsel's client.
>
> Although we attempt to work with counsel, this situation is not authorized under the protective order and we are not authorized to process third party communications.
>
> Paragraph IV.B.5 of Exhibit A of the Amended Protective Order specifically states "In the event any non-legal correspondence or messages from a detainee to individuals other than his counsel (including family/friends or other attorneys) are sent to counsel as, or included with, legal mail, counsel shall return the documents to military personnel at Guantanamo so they can be processed according to the standard operating procedures for detainee non-legal mail."
>
> As the document stands, there are a number of issues. First, the name on the document does not match the name of the detainee whose ISN is stated in the letter. Second, the document, although addressed to "The Supreme Court of the United States and to Whom It May Concern and to Attorney William." Also, according to the letter, the information has already been provided to the military at Guantanamo.
>
> We recognize that counsel wishes this to be cleared. Three possible means would be for counsel to file this letter with the court, file it as part of a letter to the annual review board at Guantanamo, or to waive

>   attorney work product confidentiality (vice privilege), allowing us to
>   send the letter back down to Guantanamo for review.
>
>   We return the document unprocessed pending counsel's decisions.

See the declaration of the undersigned attached hereto.

## LEGAL AUTHORITY

By order all motions pertaining to the Protective Order "shall be referred to Magistrate Judge Alan Kay pursuant to LcvR 72.2(a)." Docket Number 12.

## ARGUMENT

Petitioner makes two arguments. First, the only function of the Privilege Team is to determine the classification status of documents submitted to it by habeas counsel -- it is not empowered to police the terms of the Protective Order and may not decide for itself whether a document should or should not have been submitted for review. Second, irregardless of its power generally, an exculpatory statement of a witness submitted by a client to his lawyer constitutes "legal correspondence" within the meaning of the Protective Order.

As to the first argument, petitioner relies upon the arguments made by petitioners in the *Al-Anazi* at pages 10-15 and incorporates same by reference.

As to the second argument, an exculpatory statement submitted by a client to his lawyer constitutes legal correspondence. The undersigned cannot properly represent his client if his client cannot communicate exculpatory information to him. The fact that the information is contained in a statement separate from the client letter makes no difference. Would the communication be proper legal communication if it was contained in the letter from the client as a second hand report from the client as to what he believed a witness would say? Obviously. Should the result change if the client

3

obtains a statement from the witness? Obviously not.

The issues the Privilege Team raises at the fourth paragraph of its memo border on the nonsensical. First, whether the name on the document matches the name of the detainee whose ISN number is given according to the government's records is simply of no moment. The second issue does not even contain a complete sentence or thought. It evidences only that the document is addressed to the undersigned. Third, the fact that according to the letter from the petitioner the statement being withheld has already been provided to the military at Guantanamo is not a reason for withholding the information from counsel for petitioner.

## CONCLUSION

Petitioner respectfully requests that this Court compel the Privilege Team to abide by the Protective Order by reviewing the two pages from another detainee confessing to lying about the petitioner and then if it is de-classified submit it to the undersigned and if it is not return it to the undersigned's drawer at the secure facility.

Respectfully submitted,

By: /s/ William A. Wertheimer, Jr.
William A. Wertheimer, Jr.
Counsel for petitioner Jawad Jabbar Sadkhan
30515 Timberbrook Lane
Bingham Farms, MI 48025
(248) 644-9200

Of Counsel
Barbara J. Olshansky
Center for Constitutional Rights
666 Broadway
New York, NY 10012
(212) 614-6439

Dated: 29 June 2006

## CERTIFICATE OF SERVICE

    I, William A. Wertheimer, Jr., hereby certify that on 29 June 2006, I caused to be served via the e-filing system copies of the foregoing motion with a declaration of the undersigned and a proposed order on the following counsel for record for respondents:

Preeya M. Noronha
United States Department of Justice
Civil Division - Federal Programs Branch
20 Massachusetts Avenue NW, Room 7226
Washington, D.C. 20530
(202) 514-3338

                Signature:    s/William A. Wertheimer, Jr.