IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAWAD JABBAR SADKHAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-1487 (RMC) (AK) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.,* ) | |
| ) | |
| Respondents. ) | |

**PETITIONER'S OPPOSITION TO GOVERNMENTS MOTION
TO EXAMINE PRIVILEGED COMMUNICATIONS AND MOTION TO SHOW CAUSE
WHY RESPONDENTS SHOULD NOT BE HELD IN CONTEMPT**

The government's motion should be denied. The materials in question are privileged attorney-client communications. As a matter of fundamental principle and by specific order of this Court, those communications were supposed to be secure against seizure and review by the government. The government's seizure and review of those communications without prior notice to and approval by the Court and without notice to counsel was illegal. The government's failure to disclose its actions to the Court and counsel until nearly a month after the fact is deplorable. In the name of investigating three prisoner deaths, the government has destroyed a fundamental privilege and shattered any confidence the prisoners might still have had that their communica-

1

tions with their counsel would be safe from the government's prying eyes. The American Bar Association has called for an investigation of the military's massive breach of the privilege.[1]

The stakes are too high for the Court simply to accept the factual assertions that form the basis of this motion. The government claims that the privileged communications were seized and examined in the course of an investigation into the suicide deaths of three prisoners; but, without independent verification, the Court cannot be certain that the deaths were suicides. The government claims that the initially seized and reviewed privileged communications supported the wholesale seizure and review of all privileged communications; but, without examining the communications, the Court cannot know what the seized materials contained.

The government's proffered justifications for seizing and reviewing privileged communications may be valid. The undersigned does not allege that the prisoner deaths were not suicides or that the government is concealing wrongdoing. On the other hand the government's proffered justifications may be a pretext for collecting "prisoner intelligence" and wrecking the attorney-client relationship. Experience teaches that suicide is not the only possible explanation for the death of a prisoner held in U.S. military custody. Experience also teaches that the military is not invariably forthcoming. The point is that the Court has only the government's account of what has happened. In view of the privilege at issue, the Court cannot afford to take the government at its word.

The Court should order the government to show cause why it should not be sanctioned for seizing and reviewing the prisoners' legal papers without prior approval of the Court and no-

---

[1] See letter dated 12 July 2006, from Michael Greco, President, American Bar Association, to Senators Arlen Specter and Patrick Leahy which is Attachment A to the corresponding brief petitioners noticed for filing with this Court on 18 July 2006 at Docket Number 176 in *Abdah v. Bush*, 04-cv-1254.

tice to counsel and for failing to report its actions to the Court and counsel until nearly a month after the fact.  The Court should also investigate how the Department of Justice allowed this massive breach of the attorney-client privilege to occur and prescribe procedures to prevent breaches of the privilege in the future.  Finally, the Court should order the government to return the prisoners' legal papers to counsel and destroy any copies.  If the Court decides to allow any further review, the government should not be allowed to use such review as a fishing expedition.  Any such review should be conducted in the first instance by the Court or a special master without the involvement of the military or the Department of Justice.

For further argument petitioner here relies upon and incorporates by reference the arguments petitioners make in their brief at pages 6-24 that was noticed for filing with this Court on 18 July 2006 at Docket Number 176 in *Abdah v. Bush*, 04-cv-1254. Petitioner here adds the following: 1) the undersigned has obtained the appropriate security clearance; 2) the undersigned met with his client at Guantanamo in January of this year for two days; 3) petitioner and the undersigned have since then communicated by letters; 4) petitioner at their meeting informed the undersigned that he had twice attempted suicide in 2003 (or late 2002) out of despair (not as part of any kind of plot as the government suggests was the case in the attempts at issue in its filing at ¶¶ 3-4 of the declaration of Admiral Harris) but was no longer suicidal; and 5) on each occasion the guards rescued and then beat him. See the declaration of the undersigned filed herewith.

                              Respectfully submitted,

                              By:   /s/ William A. Wertheimer, Jr.
                              William A. Wertheimer, Jr.
                              Counsel for petitioner Jawad Jabbar Sadkhan
                              30515 Timberbrook Lane
                              Bingham Farms, MI 48025
                              (248) 644-9200

Dated: 20 July 2006