# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAWAD JABBAR SADKHAN,               ) | |
|                                     ) | |
|       *Petitioner,*                 ) | |
|                                     ) | |
| v.                                  ) | Case No. 1:05-CV-1487 RMC |
|                                     ) | |
| GEORGE W. BUSH, et al.,             ) | |
|                                     ) | |
|       *Respondents.*                ) | |

**DECLARATION OF MATTHEW R. DEVINE**

I, Matthew R. Devine, declare as follows:

1. This declaration is submitted in support of Petitioner's (1) Opposition to Motion to Dismiss, (2) Motion for a Stay-and-Abey Order and (3) Notice of Intention to File a Petition under the Detainee Treatment Act, filed on May 3, 2007.

2. I am an attorney licensed to practice in Illinois, and an associate in the Chicago office of Jenner & Block LLP. I was admitted to the practice of law in Illinois in 2004.

3. Petitioner filed his habeas petition *pro se* in July 2005. William Wertheimer ("Mr. Wertheimer") -- a solo practitioner from Michigan -- filed an appearance on behalf of Petitioner and an amended habeas petition. (Dkts. 1, 4 & 7, respectively.)

4. Mr. Wertheimer has informed me that Mr. Wertheimer undertook this representation on a *pro bono* basis at great sacrifice to his law practice, both in time and money.

5. In December, 2006, Mr. Wertheimer asked me and my colleague at Jenner & Block LLP in Chicago, Illinois, Jeffrey D. Colman ("Mr. Colman), to assist Mr. Wertheimer in representing Petitioner. Mr. Colman and I filed our appearances on December 15, 2006.

(Dkts. 42 & 43.) Like Mr. Wertheimer, Mr. Colman and I represent Petitioner on a *pro bono* basis.

6. Mr. Wertheimer first visited Petitioner at Guantanamo under the terms of the protective order in January 2006 for the first time.

7. Together, Messrs. Wertheimer, Colman and Devine visited Petitioner in January 2007. Messrs. Colman and Devine again visited Petitioner in April 2007.

8. In total, Petitioner's three counsel have spent more than 100 hours on the telephone with Petitioner's family, meeting with petitioner, writing to Petitioner and his family and working with Arabic-speaking translators to translate the documents into English. After much time, these efforts have borne fruit; counsel have build what we consider to be a meaningful and workable attorney-client relationship with Petitioner.

9. Petitioner and his family speak Arabic and little to no English. All communications between counsel and Petitioner must occur with a translator. The same is true for communications between counsel and Petitioner's family.

10. Dismissal of Petitioner's case and its attendant protective order would work significant prejudice on this hard-won relationship. Petitioner's counsel have promised Petitioner on numerous occasions to visit Petitioner a minimum of four times per year and to write him letters every two weeks. Mr. Devine is scheduled to visit Petitioner in July 2007 -- which would be our third visit this year. Messrs. Devine and Colman plan to return to Guantanamo in October 2007 for our fourth visit. Since January 2007, Petitioner's counsel have sent eight letters, fulfilling their promise to Petitioner to send one every two weeks. Petitioner himself has sent counsel numerous letters during that time.

11.     During my visits with Petitioner, I have come to know Petitioner personally. It is my view that Petitioner will almost certainly view counsel's sudden absence -- and the attendant string of missed visits and letters -- as the broken promises of counsel he had come to trust.    Petitioner is unlikely to appreciate any legal nuances that might explain away the sudden disappearance of his attorneys.   Petitioner will likely count it as another in a long line of betrayals, and yet another condemnation to isolation and hopelessness.

12.     Dismissal of the protective order threatens to sever the attorney-client relationship, and corrode bonds of trust that have developed -- slowly and only after significant work over long periods of time -- between counsel and Petitioner who are from different parts of the world and speak different languages.

13.     Petitioner's counsel have endeavored diligently to comply with the terms of the protective order.  Respondents have never asserted any violations against us -- nor could they.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing statements are true and correct. Executed on may 3, 2007.

_____
Matthew R. Devine

22