IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JAWAD JABBAR SADKHAN, | ) | **CLEARED FOR PUBLIC FILING** |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 05-CV-1487 (RMC) |
|  | ) |  |
| GEORGE W. BUSH, | ) |  |
| President of the United States, | ) |  |
| *et al.,* | ) |  |
|  | ) |  |
| Respondents. | ) |  |

## MOTION FOR RECONSIDERATION OF ORDER DISMISSING PETITION FOR HABEAS CORPUS AND DENYING MOTION TO STAY PROCEEDINGS AND HOLD IN ABEYANCE

### INTRODUCTION

In light both of the Supreme Court's reversal of its previous denial of certiorari in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) and of this Court's resultant reversals of decisions dismissing petitions for habeas corpus by Guantanamo detainees, petitioner Jawad Jabbar Sadkhan requests, pursuant to Fed. R. Civ. P. 60(b)(6), that this Court reconsider its order dismissing his petition for habeas corpus and denying his motion to stay and hold the matter in abeyance. Docket no. 51.[1] On June 29, 2007 the Supreme Court granted certiorari in *Boumediene v. Bush*, 127 S. Ct. 3078 (2007), using a procedural mechanism it had not exercised in decades. The Court, pursuant to Sup. Ct. R. 44.2, granted the *Boumediene* petitioners' petition for rehearing, vacated its order

---

[1] Petitioner requested that the government agree to the relief requested. The government declined to do so.

denying certiorari and granted the writ of certiorari. The Court's action indicates that there were "intervening circumstances of a substantial or controlling effect," or that evidence of "substantial grounds not previously presented" became available. Sup. Ct. R. 44.2. Based on the Supreme Court having granted this certiorari petition, this Court in at least two other of its Guantanamo habeas cases has done exactly what Sadkhan requests here -- granted motions for reconsideration and stayed cases pending the Supreme Court's decision on the merits. *Mousovi v. Bush,* No. 05-1124 (RMC), docket no. 74; *Al Shimrani v. Bush,* docket no. 05-2249 (RMC), docket no. 59.

## PROCEDURAL HISTORY

Sadkhan filed his petition on July 28, 2005. Docket no. 1. On April 19, 2007 after the Supreme Court's April 2, 2007 denial of certiorari in *Boumediene*, respondents filed a motion to dismiss relying on the D.C. Circuit's February 20, 2007 *Boumediene* decision and the subsequent denial of certiorari. Docket no. 48. This Court on May 9, 2007 dismissed Sadkhan's petition and denied his motion to stay and hold proceedings in abeyance. Docket no. 51. On July 2, 2007 Sadkhan filed a notice of appeal.[2] Docket no. 52.

---

[2] A Rule 60(b) motion for relief from judgment is not among the post-trial motions that operate to preclude appellate review during their pendency. *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. June 1991). *See* Fed. R. App. P. 4(a)(4). When both a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue uninterrupted. The District Court may consider the 60(b) motion and, if it indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted. *Hoai*, 935 F.2d at 312. *See also*, *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 280 (D.C. Cir. 1971) (Rule 60(b) motion to provide relief may be considered by the district court while an appeal is pending). Petitioner would so move the court of appeals here if this Court grants this motion.

## *BOUMEDIENE* LEGAL BACKGROUND

On February 20, 2007 in *Boumediene,* the D.C. Circuit ruled that the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006), eliminated the jurisdiction of federal courts to consider habeas actions by Guantánamo detainees and that, as aliens outside the sovereign territory of the United States, they lack constitutional rights and therefore lack standing to challenge the elimination of jurisdiction under the Suspension Clause of the Constitution. *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007).

The *Boumediene* and *Al Odah*[3] petitioners filed certiorari petitions. On April 2, 2007 the Supreme Court denied the petitions. 127 S.Ct. 1478 (2007). On April 27, 2007 petitioners filed petitions for rehearing. In their June 22, 2007 reply to the government's opposition to a rehearing, the *Al Odah* petitioners annexed a declaration of Lieutenant Colonel Stephan Abraham, a military intelligence officer who was involved in the Combatant Status Review Tribunal process, which called into question the legitimacy and fairness of that regime. *See* Exhibit B, Reply to Opposition to Petition for Rehearing, *Al Odah v. United States*, 06-CV-1196 (June 22, 2007), Appendix 8-15. On June 29, 2007 the Supreme Court granted the petition for rehearing, vacated its previous order denying certiorari and granted a writ of certiorari in *Boumediene* and *Al-Odah*. 127 S. Ct. 3078 (2007). On July 26, 2007 the D.C. Circuit recalled the mandates in *Boumediene* and *Al Odah.* Case nos. 05-5062 and 05-5064.

---

[3] *Boumediene* is consolidated with *Al Odah v. United States, docket no. 05-5064.*

## THIS COURT SHOULD RECONSIDER ITS DISMISSAL

In accordance with Fed. R. Civ. Proc. 60(b)(6), a court may consider "any other reason justifying relief from the operation of the judgment" when entertaining a motion for reconsideration. This Court has broad discretion to grant or deny relief under this rule. *Computer Professionals for Social Responsibility v. U.S. Secret Service,* 72 F.3d 897, 903 (D.C. Cir. 1996). While this remedy is only available in extraordinary circumstances, *Liljeberg v. Health Services Acquisition*, 486 U.S. 847, 863-64 (1988), this motion meets that threshold as the circumstances here are extraordinary. Sadkhan has been imprisoned for more than five years without charge, trial or any semblance of fair and neutral process to determine the propriety of his detention. *See Klapprott* v. *United States*, 335 U.S. 601. 614-615 (1949) (holding that continued imprisonment without an opportunity to defend oneself, after a proceeding on inadequate facts must be reconsidered because "[f]air hearings are in accord with elemental concepts of justice, and the language of the 'other reason' clause of 60 (b) is broad enough to authorize the Court to set aside the default judgment") (internal citations omitted). The D.C. Circuit itself recognized the circumstances here were extraordinary when it recalled its mandate. "In light of the profound interests in repose attaching to the mandate of a court of appeals…the power [to recall a mandate] can be exercised only in extraordinary circumstances." *Calderon v. Thompson,* 523 U.S. 538, 550 (1998) (internal quote omitted).

Respondents' imprisonment of Sadkhan for over five years under the harsh conditions that exist at Guantanamo, without any independent judicial review of the legality of his detention nor the factual allegations that the government asserts justify indefinite imprisonment without trial, establishes an extraordinary circumstance. This is

compounded by the recent disclosure by Lieutenant Colonel Abraham which reveals the inadequacies of the military's Combat Status Review Tribunal regime. These extraordinary circumstances coupled with the now certainty that the Supreme Court will decide this Court's jurisdiction should compel this Court to reinstate petitioner's habeas petition.

**THIS COURT HAS THE AUTHORITY TO GRANT THE RELIEF REQUESTED**

In *Al Ginco v. Bush*, D.C. Cir. No. 06-5191 (June 7, 2007), the D.C. Circuit denied the government's motion to dismiss Guantanamo detainee habeas corpus petitions. In doing so the court explained that:

> [t]he district court may consider in the first instance respondents' motion to dismiss and petitioner's motion to stay and hold in abeyance, which are currently pending before the district court in the actions underlying these consolidated appeals.

The D.C. Circuit's order makes clear that this Court retains jurisdiction over this case and that this Court is not required to dismiss this case and may grant Sadkhan's stay and abey motion.

**CONCLUSION**

In the vast majority of habeas petitions pending before in the D.C. district court, courts have chosen to deny the government's motion to dismiss and instead, held the cases in abeyance via administrative closure, *see e.g.*, *Zadran et al.* v. *Bush et al.*, 05-cv-2367 (June 29, 2007) (D.C.C. 2007) (J. Roberts), or held the government's motion in abeyance and thus maintain already existing stays or administrative closures. *See*, *e.g.*, *Mohammon, et al. v. Bush*, 04-cv-01164 (Jan. 31, 2007) (D.C.C. 2007) (J. Walton). As described above, this Court has at least twice done likewise. As recently as last Friday Judge Urbina granted petitioners' motions for reconsideration, vacated his orders

dismissing the cases and stayed 14 of his Guantanamo habeas cases. *Al-Oshan v. Bush*, case no. 05-0520, docket no. 108. This Court should again do likewise.

                Respectfully submitted,

                By:   /s/ William A. Wertheimer, Jr.
                William A. Wertheimer, Jr.
                Counsel for petitioner
                30515 Timberbrook Lane
                Bingham Farms, MI 48025
                (248) 644-9200

                Jeffrey D. Colman
                Matthew R. Devine
                Jenner & Block
                330 North Wabash Avenue
                Chicago, Illinois 60611
                (312) 923-2940

Dated: 9 October 2007