# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SUFYIAN BARHOUMI, aka SHAFIIQ, *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-1506 (RMC) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Respondents. | ) ) ) | |

## ORDER

On May 15, 2007, this Court granted Respondents' motion to dismiss on the grounds that the Military Commissions Act of 2006 ("MCA") deprived this Court of jurisdiction over the petition. *See* Dkt. No. 52. On June 13, 2007, Petitioners filed a notice of appeal with respect to this Court's May 15 Order. *See* Dkt. No. 53. Shortly thereafter, on June 29, 2007, the Supreme Court granted certiorari in *Boumediene v. Bush*, 127 S. Ct. 3078 (2007). Nearly three months later, on September 13, 2007, Petitioners filed a motion under Federal Rule of Civil Procedure 60(b)(6) asking this Court to reconsider its May 15 Order in light of the Supreme Court's decision to grant certiorari in *Boumediene*. The United States has filed an opposition, and the motion is now ripe for decision.

According to the Supreme Court, "a federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v.*

*Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). It follows, therefore, that all the legal issues addressed in the Court's May 15 Order are now within the jurisdiction of the D.C. Circuit. Accordingly, this Court lacks subject-matter jurisdiction to reconsider that Order.

If the Court did have jurisdiction, however, it would be inclined to grant Petitioners' motion as it has done in similar cases. *See Al Shimrani v. Bush*, No. 05-2249, Aug. 22, 2007 Order (Dkt. No. 59); *Saib v. Bush*, No. 05-1353, Sept. 7, 2007 Order (Dkt. No. 68); *Mousovi v. Bush*, No. 05-1124, Sept. 7, 2007 Order (Dkt. No. 74). Given that the Court is inclined to grant relief from judgment, Petitioners may, if they choose, move the Court of Appeals for an order remanding the case for consideration of a Rule 60(b) motion. *See, e.g.*, *Piper v. U.S. Dep't of Justice*, 374 F. Supp. 2d 73, 81 (D.D.C. 2005) (noting that the district court lacked jurisdiction to grant a Rule 60(b) motion due to notice of appeal but would likely grant the motion should the Court of Appeals remand the case).

For the foregoing reasons, it is hereby

**ORDERED** that Respondents' Motion for Reconsideration [Dkt. # 56] is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO ORDERED.**

Dated: October 5, 2007                    /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge