CLEARED FOR PUBLIC FILING BY THE CSO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAWAD JABBAR SADKHAN, ) | |
| ) | |
| *Petitioner,* ) | |
| ) | |
| v.                            ) | Case No. 05-CV-1487 (RMC) |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| *Respondents.* ) | |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S EMERGENCY MOTION TO VACATE THE STAY, SET DATES FOR A SCHEDULING CONFERENCE AND EVIDENTIARY HEARING, AND FOR OTHER RELIEF**

"[T]he costs of delay can no longer be borne by those who are held in custody. The [Guantánamo] detainees … are entitled to a *prompt* habeas corpus hearing." *Boumediene v. Bush*, 533 U.S. ___, slip op. at 66 (June 12, 2008) (emphasis added). For Jawad Jabbar Sadkhan Al-Sahlani ("Petitioner" or "Jawad"), "six years have elapsed without the judicial oversight that habeas corpus or an adequate substitute demands." *Id*. Based on *Boumediene*, we respectfully request that this Court now vacate the existing stay, schedule a status conference in the very near future, and set a date within the next 45 days for an evidentiary hearing.

In support of these requests, Petitioner states the following:

1. Acting *pro se*, on July 28, 2005 -- almost three years ago -- Petitioner filed a Petition for Writ of Habeas Corpus. Acting through pro bono counsel, Petitioner filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition") on October 17, 2005. The Respondents filed their Answer to the Amended Petition, which contained the unclassified Factual Return, on January 3, 2006. The classified Factual Return was submitted to counsel at the Secure Facility established for habeas counsel.

2.	On January 8, 2008, this Court entered an Order staying this litigation pending the Supreme Court's ruling in *Boumediene*. The Supreme Court issued its decision on June 12, 2008 and held that Guantánamo prisoners have a constitutional right to seek habeas corpus, and that the District Court should hold prompt hearings. Slip Op. at 66.

3.	Petitioner is in his seventh year of imprisonment at Guantánamo Bay, Cuba. He has not been charged with any crime and the Government has not alleged that he engaged in any hostilities against the United States or its allies.

4.	Petitioner is a 41 year old man. He is a Shiite Muslim from Iraq. He has a wife and four children who have lived in Basra with Petitioner's father and extended family without Petitioner's support for over six years.

5.	The Government has alleged - in unclassified documents - that Petitioner was a Taliban leader and a Taliban interrogator in Northern Afghanistan. It is well known that the Taliban are fundamentalist Sunnis who speak Farsi. Jawad is a Shiite, not a Sunni. Jawad speaks Arabic, not Farsi. As a Shiite Muslim who speaks Arabic, Jawad was not a member, let alone a leader, of the Taliban. In fact, Jawad was turned into American authorities after he could not pay a bribe requested by a group of Afghanis. *See* Exhibit A, at 2, 3.

6.	Jawad has consistently denied each and every one of the Government's allegations.

  a)	In his hearing before a Combatant Status Review Tribunal ("CSRT"), Jawad denied the allegations against him and requested specific documents and witnesses to support his testimony. The Respondents denied each and every one of his requests, stating that both the documents and witnesses were not "reasonably available."

      b) Jawad has also denied the allegations against him in multiple signed declarations submitted to the Government. One of these declarations, dated April 4, 2007, is attached as Exhibit A.

      c) The unclassified record shows that Respondents gave Jawad a polygraph examination in which he denied the allegations against him. Jawad was told he passed the polygraph test. *See* Exhibit A, at 3.

7. Petitioner should be released and it is now clear that this Court has the authority to release him. *See Boumediene*, 533 U.S. \_\_\_, slip op. at 50, 58, 59.

8. Based on the Supreme Court's decision in *Boumediene*, the following is now established law:

      d) Under the Constitution, Petitioner is "entitled to the privilege of habeas corpus to challenge the legality of [his] detention." *Id.* at 42. The Suspension Clause "guarantees an affirmative right to judicial inquiry into the causes of detention" (*id.* at 13) and "affirm[s] the duty and authority of the Judiciary to call the jailer to account." *Id.* at 15.

      e) Habeas corpus grants this Court the "authority to conduct a meaningful review of both the cause for detention and the Executive's power to detain." *Id.* at 54; *see also id.* at 57. Further, "the court that conducts the habeas proceeding must have the means to correct errors that occurred during the CSRT proceedings," which includes assessing the sufficiency of the Government's evidence, admitting exculpatory evidence, and permitting Petitioner to supplement the record on review. *Id.* at 57.

 f) Habeas corpus "entitle[s Petitioner] to a meaningful opportunity to demonstrate that he is being held to 'the erroneous application of interpretation' of relevant law." *Id*. at 50.

 g) As part of this "meaningful opportunity," it is "constitutionally required" that Petitioner has "an opportunity … to present relevant exculpatory evidence that was not made part of the record in the earlier proceedings." *Id*. at 51, 57, 60.

 h) Petitioner also "must" have the opportunity to present "reasonably available evidence demonstrating there is no basis for his continued detention." *Id*. at 61. This includes newly discovered evidence that was unknown or not previously available to the prisoner and was not presented to the CSRT. *See id*. at 51-52, 60-61.

9. Accordingly, we respectfully request that this Court lift the stay and schedule a status conference -- either by telephone or in-person -- at some time convenient to the Court before June 25, 2008. We also request this Court set an evidentiary hearing within the next 45 days at which Respondents must present their justification for the continued detention of Petitioner.

10. We request that the status conference be held before June 25, 2008 so two of Petitioner's counsel, Jeffrey D. Colman and Sapna G. Lalmalani, can discuss and prepare for the hearing with Petitioner during their long-approved visit to Guantánamo on June 30-July 2, 2008.

11. Petitioner has three attorneys with secret clearance, William A. Wertheimer, Jeffrey D. Colman, and Sapna G. Lalmalani. We want to advise the Court that Mr. Wertheimer will be traveling (backpacking) and unavailable for calls from June 17, 2008 through June 23, 2008. Mr. Colman also will be traveling from June 18, 2008 through June 23, 2008, but will be

available for conference calls on the morning of June 19 and June 20. All three attorneys are available in person or on the telephone on the afternoon of June 24 and all day on June 25, 26 or 27.

12. Petitioner's counsel will be traveling to Guantánamo on June 30 to meet with Petitioner on July 1-2, 2008, and have prepared for this trip for the past three months. We hope this Court will set the date for the habeas corpus hearing now so that during counsel's visit, counsel can inform Petitioner of the status of his *habeas* hearing as well as obtain any declarations or testimony needed for the hearing.

13. Counsel request that this Court schedule an evidentiary hearing within the next 45 days. We appreciate that a number of significant issues need to be considered and addressed by the parties and the Court. At a minimum, counsel request that at the scheduled evidentiary hearing, this Court order (a) that Respondents produce evidence justifying Petitioner's continued imprisonment; (b) that Petitioner's lawyers be permitted to cross examine Respondents' witnesses, examine any documentary evidence offered or used by Respondent during the hearing, and contest the admissibility and reliability of Respondents' evidence; and (c) that Petitioner be entitled to introduce evidence on his own behalf.

14. Petitioners further request that the Court order that Respondents serve on Petitioner's lawyers at least two weeks prior to the scheduled hearing: (a) the names of witnesses Respondents intend to call to testify, together with a summary of their anticipated testimony; (b) copies of documentary evidence Respondents anticipate offering into evidence or using during the hearing; (c) exculpatory evidence in Respondent's possession relating to Petitioner; (d) copies of and reports or memoranda concerning Petitioner; and (e) any other information in Respondents' possession relating to Petitioner. If the documents contain

classified material, we ask that Respondents be required to deposit the documents in the Secure Facility created for the prisoners' lawyers at least two weeks before the scheduled hearing.

15. In addition to the foregoing requests, counsel have two specific requests for what counsel believe is important exculpatory evidence that was not presented to Petitioner's CSRT Tribunal. We request that this Court order Respondents to produce: (a) any and all statements in Respondents' possession by any witness whom the Government asserts inculpates this Petitioner, and (b) any information relating to any polygraph examinations administered to Petitioner while he was in the custody of Respondents. These requests are supported by the ruling in *Boumediene* that Petitioner be provided the opportunity to present relevant exculpatory evidence that was not made part of the record in the earlier proceedings. *See id.* at 51, 57, 60. To the extent that any classified information is involved, we are certainly willing to review those statements at the Secure Facility established for habeas counsel in Washington, D.C.

WHEREFORE, Petitioner respectfully requests that this Court lift the stay, immediately schedule a status conference between the parties, and set a date for an evidentiary hearing on the merits within 45 days.

Date:   June 16, 2008

Respectfully submitted,


\_\_/s/ David DeBruin_____
One of the Attorneys for the Petitioners

| | |
|---|---|
| Jeffrey D. Colman<br>Sapna G. Lalmalani<br>Sarah E. Crane<br>JENNER & BLOCK LLP<br>330 North Wabash Avenue<br>Chicago, Illinois 60611<br>Tel: (312) 923-2940<br>Fax: (312) 840-7340<br>Email: jcolman@jenner.com | David W. DeBruin (DDC Bar No. 337626)<br>JENNER & BLOCK LLP<br>601 Thirteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005-3823<br>Tel: (202) 639-6000<br>Fax: (202) 639-6066<br><br>William A. Wertheimer, Jr.<br>LAW OFFICES OF WILLIAM A. WERTHEIMER, JR.<br>30515 Timberbrook Lane<br>Bingham Farms, Michigan 48025<br>T: (248) 644-9200<br>Email: wert@tir.com |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 16, 2008, I filed and served the foregoing Motion to Lift the Stay, Set Dates for a Scheduling Conference and Evidentiary Hearing, and for Other Relief ("Motion") and Statement of Points and Authorities In Support of the Motion, together with the Proposed Order, by causing the original and five copies to be delivered to the Court Security Officer, with the original to be forwarded to the Court and one copy to be forwarded to the following counsel of record via U.S. Mail:

> Judry Laeb Subar
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Avenue NW
> Washington, D.C. 20530
>
> Terry Marcus Henry
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Avenue NW
> Washington, D.C. 20530

                                                  __/s/ David DeBruin_____
                                                  David W. DeBruin