IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Misc. No. 08-442 (TFH) |
| GUANTÁNAMO BAY<br>DETAINEE LITIGATION | Civ. Action No. 05-CV-1487 (RMC) |

**RESPONSE OF PETITIONER JAWAD JABBAR SADKHAN AL-SAHLANI,
ISN NO. 433, TO ISSUES RAISED AT JULY 8, 2008 HEARING**

At the hearing conducted on July 8, 2008, Your Honor offered counsel the opportunity to file something today. On behalf of Mr. Al-Sahlani, ISN No. 433, we adopt the positions articulated by counsel from the Center for Constitutional Rights and desire to make two additional points – one with regard to sequencing of hearings, and the second relating to access issues.

First, on the issue of sequencing, we respectfully request that the Court not impose any uniform sequencing for habeas corpus hearings. When a hearing should go forward, we respectfully submit, should be up to the individual judges and should involve an analysis by those judges of the factual and legal issues presented in each case. At one point in the proceeding yesterday, it was suggested that one form of sequencing may be to conduct evidentiary hearings in the order in which the habeas corpus cases were filed. That may indeed be what an individual judge will decide to do. But, when a habeas petition was actually filed implicates serious -- and individualized -- issues of access to attorneys, access to the courts, medical and psychological situations, and a host of other important factors. Imposing a standard sequencing may prove to be unwarranted and arbitrary. Some cases will require discovery, and

others will not. Some cases may involve substantial briefing and motion practice on unique legal issues, some will not.

  Mr. Al-Sahlani has been in custody for more than six and a half years. He proclaims his innocence and desires a hearing in the very near future. Three days after the Supreme Court issued its *Boumediene* opinion, Mr. Al-Sahlani's counsel filed an Emergency Motion seeking some discovery and a habeas corpus hearing within 45 days. That motion remains pending. (A copy of the Emergency Motion is attached as Exhibit A.) Respectfully, we ask that Your Honor not impose any sequencing order, but rather let Judge Collyer make that determination.

  <u>Second</u>, the Court indicated the likelihood that Your Honor – perhaps with assistance from Magistrate Judge Kay – will be available to work on "access" problems. Your Honor suggested that issues relating to access be brought to the Court's attention. We would like to raise three issues:

  **1.** **<u>Correspondence To and From Prisoners.</u>** There continues to be significant problems sending letters to our clients and receiving responses. By way of example, one of Mr. Al-Sahlani's attorneys, Jeffrey D. Colman, sent Mr. Al-Sahlani a letter dated May 23, 2008. The Head of the Privilege Team has confirmed that Mr. Colman's letter was received by the Privilege Team on May 28, was reviewed by the Privilege Team that same day, and was sent to Guantánamo on May 28. The Head of the Privilege Team indicates that Guantánamo acknowledged receiving the letter one month later – on June 27. The letter was provided to Mr. Al-Sahlani on the evening of June 30 – with counsel meeting with him on July 1. This type of delay poses extreme problems for the attorney-client relationship. We ask that either Your Honor or Judge Kay be available to address this issue.

      **2.**       <u>**Attorney Notes and Declarations Signed by Clients.**</u>  Pursuant to the Protective Order, all of our notes – and declarations our clients sign when we meet with them – are placed in sealed envelopes at Guantánamo.  They are supposed to then be promptly sent to the Privilege Team.  (See 11/08/2004 Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, Exhibit A at ¶ VI(B), "Within two (2) business days following the completion of the counsel's visit to Guantanamo, the package shall be mailed to the appropriate address provided by government counsel.")  Again, we have confirmed with the Head of the Privilege Team that there are instances where attorney notes are not received in the greater Washington, D.C. area by the Privilege Team until two or sometimes three weeks after the attorneys leave their notes with the authorities at Guantánamo.  This is simply unacceptable.  Again, we ask that either Your Honor or Judge Kay be available to address these issues.

      **3.**       <u>**Medical Information Relating to Our Clients.**</u>  We understand our client has a significant medical problem.  In March of this year, Mr. Al-Sahlani signed a statement authorizing the release of his medical records to his legal counsel.  The authorities at Guantánamo refused our request for his medical records, and the Department of Defense informed us that we could only obtain the medical records through a Freedom of Information Act request.  We now are proceeding with a Freedom of Information Act request.  There simply is no justifiable reason why the authorities at Guantánamo should not be required to provide legal counsel with medical records relating to their clients, especially when the clients consent.  We ask that either Your Honor or Judge Kay address this issue.

Dated: July 9, 2008                              Respectfully submitted,


  /s/ Jeffrey D. Colman
JENNER & BLOCK LLP
Jeffrey D. Colman
Sapna G. Lalmalani
Sarah E. Crane
330 N. Wabash Avenue
Chicago, Illinois 60611
T: (312) 222-9350
F: (312) 527-0484

LAW OFFICES OF
WILLIAM A. WERTHEIMER, JR.
William A. Wertheimer, Jr.
30515 Timberbrook Lane
Bingham Farms, Michigan 48025
T: (248) 644-9200
F: (248) 593-5128

Of Counsel:
CENTER FOR CONSTITUTIONAL RIGHTS
Shayana Kadidal
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6499

(Attorneys for Petitioner)

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2008, I caused the foregoing RESPONSE OF PETITIONER JAWAD JABBAR SADKHAN AL-SAHLANI, ISN NO. 433, TO ISSUES RAISED AT JULY 8, 2008 HEARING to be filed and served electronically to the following counsel of record in the above-captioned matter via the CM/ECF system.

Judry Laeb Subar
U.S. Department of Justice
20 Massachusetts Avenue, NW
Suite 7342
Washington, DC 20044-0833
T: (202) 514-3969

Andrew I. Warden
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Washington, DC 20530
T: (202) 616-5084

Terry Marcus Henry
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044
T: (202) 514-4107

Nicholas Andrew Oldham
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Washington, D.C. 20530
T: (202) 514-3367

/s/ Jeffrey D. Colman
Jeffrey D. Colman